Filed 9/30/13  P. v Ferris CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BRENDEN SCOTT FERRIS,<br><br>     Defendant and Appellant. | A138705<br><br>(Lake County<br>Super. Ct. Nos. CR930263 &<br>CR930698) |

Appellant Brenden Scott Ferris appeals from his convictions and resulting sentence following his no-contest pleas to two counts of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and to one count of driving under the influence (Veh. Code, § 23152, subd. (a)).  Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel's declaration states she has notified appellant that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Counsel also advised appellant of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

We note that appellant has not obtained a certificate of probable cause, which is required by Penal Code section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no-contest plea. A certificate is not required when the notice of appeal states, as appellant's does here, that the appeal is based upon the

1

sentence or other matters occurring after the plea that do not affect the validity of the plea. Accordingly, we have reviewed the whole record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon grounds for appeal arising after entry of the plea. Having done so, we conclude that there is no arguable issue on appeal.

### Procedural and Material Factual Background of Case

A five-count criminal complaint was filed by the Lake County District Attorney on August 13, 2012 (Case No. CR930263), charging appellant with one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), one misdemeanor count of possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)), one misdemeanor count of possession of more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c)), one misdemeanor count of driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)), and one misdemeanor count of possession of a hypodermic needle and syringe (Bus. & Prof. Code, § 4140) (hereafter Case No. 1).

In a second complaint (Case No. CR930698), filed October 12, 2012, appellant was charged with one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). This complaint also alleged a prior prison term within the meaning of Penal Code section 667.5, subdivision (b), a bail enhancement under Penal Code section 12022.1, and a misdemeanor count of possession of drug paraphernalia (Health & Saf. Code, § 11364.1) (hereafter Case No. 2).

After pleading not guilty in both cases, on December 17, 2012, appellant waived preliminary hearings, and entered no-contest pleas. In Case No. 1, he pleaded no contest to possession of methamphetamine and to driving under the influence. In Case No. 2, he pleaded no contest to possession of methamphetamine. The remaining counts and allegations were to be dismissed at sentencing. The pleas were open, except that it was stipulated that any sentence on the misdemeanor DUI would be served concurrent to any sentence imposed on the felony drug offenses, and that appellant would be housed in county jail.

2

On April 15, 2013, a sentencing hearing was held in both cases. A report was filed by the probation department including its recommendation that appellant be denied probation, and the upper term of three years in state prison be imposed for the principal drug conviction in Case No. 1, and a consecutive eight-month state prison term be imposed for the drug conviction in Case No. 2. It also recommended that the court concurrently sentence appellant to one year in county jail for the DUI conviction.

At the hearing, and after hearing from counsel, the court decided to follow the probation department recommendations, denied probation, and sentenced appellant to a total of three years eight months: the upper term of three years for possession of methamphetamine, with a consecutive eight months (one-third the midterm) for the second such offense, plus a concurrent term of one year for the DUI. In Case No. 1, appellant received 197 days presentence credits, comprising 99 actual days plus 98 days good-time credit. The court also imposed a restitution fine (Pen. Code, § 1202.4, subd. (b) in the amount of $720 in Case No. 1, and $360 in Case No. 2. The court also imposed a $120 court security fee pursuant to Penal Code section 1465.8, and a $90 criminal conviction assessment pursuant to Government Code section 70373, as well as a $90 criminal justice administrative fee under Government Code section 29550, subdivision (c) in Case No. 2.

### Conclusions Based Upon Independent Record Review

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We also discern no error in the plea disposition or in sentencing. The sentence appellant received, and the restitution fines, penalties, and conditions imposed were supported by the law and facts. At all times appellant was represented by counsel.

## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:

_____
RIVERA, J.

_____
HUMES, J.

4